### HENRIETTA ABRAHAM *v.* NICHOLAS STRATER.

**Mental Capacity.**

> Where one, having no mind to comprehend the character of a transaction, is by reason of his mental trouble and distress influenced by the parties to execute a mortgage and deed conveying all of his estate, and it is clear that he received no consideration, such a conveyance will be set aside.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 15, 1884.

OPINION BY JUDGE PRYOR:

It is distinctly alleged in the petition that the appellee, at the date of the several transactions between himself on the one hand and the Isenbergs and Mrs. Abraham on the other, had no mind sufficient to comprehend the character of the business, and by reason of his mental troubles and distress was influenced by the parties to execute the mortgages and deed by which he conveyed all

of his estate.   The proof conduces to show that he was of weak mind and that his wife transacted his business, and when attacking the mortgage and deed upon the ground of fraud and for want of consideration, and testifying to facts that if true must invalidate the mortgage and deed under which appellant claims, the latter has declined or failed to show that she ever loaned appellee one dollar or that she had the means to enable her to make such a loan.

The circumstances surrounding the parties, connected with the condition of the appellee's mind, when considered cast a grave suspicion over the entire transaction and the testimony of the appellee, and although inconsistent leave no doubt of his having been imposed on by the appellant, and also establish that character of intellect that could be easily subordinated to the control of other and stronger minds.   The proof shows that appellee had the money and property and that appellant had none, at least when the consideration for the note is assailed and the testimony taken to sustain the complaint; the appellant is content to remain silent and fails to disclose that she was possessed of any means or estate from which she could withdraw as much as $2,500 to loan to one who as the proof shows was in no need of funds at the time.   It may be that the whole transaction was consummated so as to deprive the wife of the appellee, who had sued him for a divorce, from obtaining alimony, and if so, the weakness of this appellee's mind and his ignorance of business affairs is sufficiently developed as to authorize the chancellor to cancel the transaction and order a reconveyance.   He was not dealing at arm's length with these parties and should have this property conveyed to Mrs. Abraham restored to him.

Judgment below is *affirmed.*

*M. Mundy,* for appellant.

*M. A. & D. A. Sachs, John C. Walker,* for appellee.